**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LATOYA WASHINGTON,** | : | **Civil Action No.** |
| **101 N Pennock Avenue** | : | |
| **Upper Darby, PA 19082** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **SIMPLY BEAUTIFUL SMILES, LLC,** | : | |
| **3475 West Chester Pike, Suite 220** | : | |
| **Newtown Square, PA 19073** | : | |
| | : | |
| **330 Middletown Boulevard, Suite 401** | : | |
| **Langhorne, PA 19047** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, LaToya Washington (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, bring this civil matter against Simply Beautiful Smiles, LLC (hereinafter "Defendant"),

for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the

Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Simply Beautiful Smiles, LLC is a dentistry office with a

location at 3475 West Chester Pike, Suite 220, Newtown Square, PA 19073 and corporate headquarters located at 330 Middletown Boulevard, Suite 401, Langhorne, PA 19047.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2022-03297 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 18, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American female.

21. On February 4, 2019, Defendant hired Plaintiff in the position of Dental Assistant.

22. Plaintiff was well qualified for the position and performed well.

23. Throughout Plaintiff's employment, she was subjected to discriminatory comments by coworkers and management at Defendant.

24. Brooke Arena (Caucasian), Dental Hygienist, Caitlin Plyler (Caucasian), Front Desk Receptionist, and Nicole Sargent (Caucasian), Dental Assistant, frequently discussed politics to and around Plaintiff because they believed that she was a Democrat.

25. Plaintiff believed that they assumed her political beliefs because of her race.

26. In or around the summer of 2020, Plaintiff overheard Ms. Arena make a series of inappropriate and negative comments regarding the Black Lives Matter protests.

27. Plaintiff was offended by Ms. Arena's discriminatory comments.

28. When patients confused Plaintiff for Ms. Arena, her Caucasian coworkers, including, but not limited to, Ms. Arena and Ms. Plyler, questioned Plaintiff how patients could possibly think that Plaintiff was Ms. Arena.

29. Plaintiff believed that they were stating that Plaintiff could not possibly be named Brooke because of her race.

30. In addition, Casey Laschall (Caucasian), Office Manager, asked Plaintiff if she said the N-word with her friends in front of other Caucasian coworkers.

31. In addition, Ms. Plyler frequently referred to Plaintiff as the "token black".

4

32. Plaintiff found these comments offensive and demeaning, but she did not complain about the discriminatory comments as she feared retaliation.

33. Throughout Plaintiff's employment, Defendant did not provide Plaintiff a pay increase, despite her strong performance.

34. In October 2021, Plaintiff requested a pay increase, and she was told that it would be taken care of.

35. However, Defendant did not provide her with a raise.

36. In January 2022, Plaintiff inquired about her pay increase, but Defendant refused to issue her a raise.

37. Upon information and belief, Defendant provided pay raises to Plaintiff's Caucasian coworkers during this time period.

38. In early February 2022, Plaintiff overheard Dr. Ronald Goldenberg, Dentist, making a joke to coworkers that he thought Ms. Arena had "tanned" in reference to Plaintiff, as he was covering for Ms. Arena while she was out.

39. Plaintiff was shocked and offended by Dr. Goldenberg's discriminatory comment.

40. On February 16, 2022, Ms. Arena accidently sent Plaintiff a text message that she meant to send to a coworker regarding Plaintiff's friendship with a former coworker.

41. Ms. Arena realized her mistake and sent Plaintiff multiple text messages apologizing for it.

42. Plaintiff did not respond, as she worked closely with Ms. Arena and believed they would speak about it in person.

43. However, the following day, Ms. Arena did not bring up the accidental text messages, so Plaintiff let it go.

5

44. On February 22, 2022, Plaintiff misread the schedule and believed a patient was coming in at 10:30 instead of 10.

45. Shortly afterwards, Lauren Eveland (Caucasian), Regional Operations Manager, called Plaintiff and sent her home allegedly due to coworkers complaining that she was not properly fulfilling her job duties.

46. On February 23, 2022, Plaintiff emailed a complaint of race discrimination to Carrie Ruddy (Caucasian), Corporate Human Resources, following her suspension.

47. On February 24, 2022, Plaintiff emailed a complaint of race discrimination to Ms. Eveland.

48. Later that day, Ms. Eveland called and terminated Plaintiff due to an elimination in her position allegedly due to the schedule being slower than usual.

49. Upon information and belief, there was no slowdown in the schedule.

50. Additionally, upon information and belief, Caucasian Dental Assistants, including, but not limited to, Ms. Sargent, Isabella Hanna and Sarah Easley were late to meet with a patient, but were not immediately suspended for it or accused of not fulfilling their job duties.

51. It is Plaintiff's position that she was discriminated against due to her race and retaliated against for reporting race discrimination in violation of Title VII and the PHRA.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff is a member of protected classes in that she is African American.

54. Plaintiff was qualified to perform the job for which she was hired.

55. Plaintiff suffered adverse job actions, including, but not limited to termination.

6

56. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

57. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

58. Defendants discriminated against Plaintiff on the basis of race.

59. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

60. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

63. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff engaged in protected activity protected by Title VII when she complained about

race discrimination.

66. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

67. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff engaged in activity protected by the PHRA when she complained about race discrimination.

70. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, LaToya Washington, requests that the Court grant her the following relief against Defendants:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Liquidated damages;

8

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j)     Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

### JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

### CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

9

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 19, 2023          **By:**     */s/ David M. Koller*

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

10